IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY LEE THOMAS, | § | |
| TDCJ #537173 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0984 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Jerry Lee Thomas, also known as David Lee Ballard (TDCJ #537173, former TDCJ #965352), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). The petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction and he has filed a memorandum in support of his claims. After reviewing all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.     BACKGROUND

The petitioner discloses that he entered a plea of "nolo contendere" to charges of attempted assault on a peace officer in cause number 10404150. The 338th District Court of Harris County, Texas, accepted the petitioner's plea on June 14, 2006, and sentenced him to serve 9 months in a state jail facility. The petitioner did not file an appeal.

The petitioner now seeks relief from his conviction in cause number 10404150 under 28 U.S.C. § 2254.  He claims that the conviction is invalid because the trial judge was related to the Harris County Sheriff and, therefore, disqualified from presiding over the case.  He claims further that his defense attorney was ineffective for failing to raise this objection.  The Court concludes that the petition must be dismissed for reasons that follow.

## II.  DISCUSSION

As a threshold matter, it appears that any request for habeas relief from the conviction at issue, which became final in 2006, is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d)(1)(A).  More importantly, the petitioner cannot demonstrate that this Court has jurisdiction or that federal habeas corpus review is available for the conviction and sentence that he received.

The federal habeas corpus statutes authorize district courts to entertain petitions for habeas corpus relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) (emphasis added).  The United States Supreme Court has held that a petitioner is not "in custody" for purposes of the federal habeas corpus statutes once his sentence has fully expired.  *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  Unless a petitioner is in custody for the challenged conviction at the time his petition is filed, a district court does not have subject matter jurisdiction to entertain the action. *Id*. at 490-91.

As noted above, the petitioner attempts to challenge his conviction in cause number 10404150, which resulted in a sentence of 9 months in a state jail facility.  That conviction

2

was entered on June 16, 2006, and the sentence expired sometime in 2007. The petitioner concedes in his pleadings that, when he attempted to challenge this conviction recently on state habeas corpus review, the Texas Court of Criminal Appeals summarily dismissed his application on March 7, 2012, finding that the sentence was discharged. [Doc. # 1, Petition, at 4]. State court records confirm that the petitioner's most recent state habeas corpus application concerning the conviction in cause number 10404150 was dismissed for lack of jurisdiction because the sentence was "discharged." *Ex parte Ballard*, No. 69,155-10 (Tex. Crim. App. March 7, 2012).

The petitioner does not allege or show that the state court's determination was incorrect. Because the sentence that the petitioner received in cause number 10404150 was discharged several years ago, this Court lacks subject matter jurisdiction to determine the legality of the challenged conviction. *See Maleng*, 490 U.S. at 492-93. Accordingly, the petition must be dismissed for lack of jurisdiction.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C.

§ 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim for relief. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.    The motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2.    This federal habeas corpus proceeding is **DISMISSED** for lack of jurisdiction.

3.    A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on **April 6, 2012.**

Nancy F. Atlas
United States District Judge

4